UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
IN RE:

DANNY R. PLANAVSKY,                                      CASE NO. 01-63125

                                    Debtor               Chapter 11
-------------------------------------------------------------
DANNY R. PLANAVSKY,

                            Plaintiff

                vs.                                       ADV. PRO. NO. 09-80001

COUNTY OF BROOME, COUNTY
OF TIOGA, CITY OF BINGHAMTON, TOWN
OF UNION, TOWN OF DICKENSON, TOWN
OF CHENANGO, VILLAGE OF ENDICOTT,
VILLAGE OF JOHNSON CITY, BINGHAMTON
CITY SCHOOL DISTRICT, OWEGO-APALACHIN
SCHOOL DISTRICT, UNION ENDICOTT CENTRAL
SCHOOL DISTRICT, and JOHNSON CITY CENTRAL
SCHOOL DISTRICT,

                            Defendants
-------------------------------------------------------------
APPEARANCES:

LESLIE N. REIZES, ESQ.
*Attorney for the Plaintiff*
1200 South Federal Highway
Suite 301
Boynton Beach, Florida 33435

COUGHLIN & GERHART                                       JENNIFER F. BOJDAK, ESQ.
*Attorney for Defendants Town of Dickenson,*
*Village of Johnson City and Johnson City School District*
19 Chenango Street
PO Box 2039
Binghamton, New York 13901

2

POPE & SCHRADER, LLP                                    ALAN J. POPE, ESQ.
*Attorney for Defendants Town of Union,*
*Village of Endicott and Union Endicott Central*
*School District*
2 Court Street
PO Box 510
Binghamton, New York 13902

ROBERT G. BEHNKE, ESQ.
*Attorney for Defendant County of Broome*
Edwin L. Crawford County Office Building
PO Box 1766
Binghamton, New York 13902

Hon. Diane Davis, U.S. Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

Presently under consideration by the Court are motions filed on behalf of the Town of Union

on March 15, 2010 (Dkt. No. 94) and on behalf of the County of Broome on March 19, 2010 (Dkt.

No. 105) (collectively, the "Motions") seeking dismissal of the Second Amended Complaint filed

by Danny R. Planavsky ("Plaintiff" or "Debtor") on February 28, 2010 (Dkt. No. 93) in Adversary

Proceeding 09-80001.

The Motions were heard on April 1, 2010, at the Court's regular motion term in Binghamton,

New York.  Following oral argument, the Court agreed to allow the parties a week to file any

additional papers.  The Motions were taken under submission for decision by the Court on April 8,

2010.  In the interim,  on April 7, 2010, the Village of Johnson City and the Town of Dickenson filed

a Statement of Joinder to Motion to Dismiss (Dkt. No. 113),[1] to which the Debtor filed opposition

---

[1]    By letter dated March 22, 2010, counsel for the Village of Johnson City and the Town
of Dickenson confirmed with Debtor's counsel an extension to April 1, 2010, to file an answer to
the Second Amended Complaint (Dkt. No. 100).  An Answer to the Second Amended Complaint

on April 8, 2010 (Dkt. No. 117).

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(2)(A) and (O).

## FACTS

The Court will assume familiarity with the procedural facts set forth in its recent Memorandum-Decision, Findings of Fact, Conclusions of Law and Order, dated February 17, 2010 ("February 2010 Decision"). The Court issued its February 2010 Decision in the context of previous motions made on behalf of several defendants seeking to dismiss the Debtor's Amended Complaint, filed on June 30, 2009. In particular, it addressed whether postpetition assessments and the Debtor's claims for a refund of postpetition taxes paid, were subject to a determination by the Court pursuant to § 505 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("Code").[2] The Court also addressed the issue of which date was to be utilized for determining the value of various parcels of real property owned by the Debtor in connection with any Code § 505 determination, as well as for

_____

was filed on behalf of the Village of Johnson City and the Town of Dickenson on March 23, 2010 (Dkt. No. 101).

[2] As pointed out in the February 2010 Decision, because the case was filed before October 17, 2005, the applicable law is the Bankruptcy Code in effect prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), and all references to the Bankruptcy Code in this opinion are to the pre-BAPCPA codification.

4

purposes of confirmation of the Debtor's plan. Ultimately, in its February 2010 Decision the Court

concluded that it did not have jurisdiction to address the requests by the Debtor for a refund of taxes

previously paid. *See* February 2010 Decision at 11-13.

Accordingly, the Court dismissed that portion of the Debtor's Amended Complaint found

in Count I. In addition, the Court concluded that for purposes of Code § 505, any review concerning

the assessed value of the various properties would be based on the value for the individual years at

issue. For instance, the Debtor asked the Court to determine the value of 11 Avenue B[3] for 1995 and

2000. The Honorable Stephen D. Gerling, Chief U.S. Bankruptcy Judge for the Northern District

of New York, signed an Order on March 20, 2002, valuing that particular property at $10,000, as

of May 16, 2001, the date on which the Debtor filed his chapter 11 petition. No value was set for

either 1995 nor 2000 although the Order of March 20, 2002, does state that the values are "for all

purposes including 11 U.S.C. § 505 . . . ." In addition, the Order specified that "the balance of the

motion, that is, the portion dealing with properties in the Town of Union and Broome County,

outside the City of Binghamton" was to be adjourned. The motion to value various properties (Dkt.

No. 46) was adjourned several times and according to the docket in the case was finally withdrawn,

as was the Debtor's motion to determine tax liability (Dkt. No. 45) by  letter, dated July 24, 2002

"since the debtor is pursuing the valuation and tax liability issues by way of adversary proceeding."

(Dkt. No. 68).

For purposes of confirming the Debtor's plan, the Court in its February 2010 Decision

---

[3] In the Notice of Motion, signed on February 19, 2002, 11 Avenue B was identified as being
in Binghamton, New York. However, according to the Debtor's Supplement to Second Amended
Complaint, filed on April 8, 2010 (Dkt. No. 116), 11 Avenue B is actually located in the Town of
Union with an address of Johnson City, New York.

determined that while a claim of a prepetition creditor is to be measured as of the date of the petition pursuant to Code § 502(a), the date of confirmation and/or the effective date of the plan is the relevant date to value the property securing a claim for purposes of confirming a plan. *See* February 2010 Decision at 13-15.

In response to the Court's February 2010 Decision, the Debtor filed his Second Amended Complaint. While the Court ordered that Debtor's amended complaint reflect the findings in the February 2010 Decision, as well as the agreements reached on the record at a pre-trial conference conducted on October 16, 2009, the Debtor takes the position that because the February 2010 Decision was an interlocutory order it was necessary for him to include all of the original causes of action in order to preserve his rights.[4] He did eliminate certain defendants, however, from the caption of the adversary proceeding, including the County of Tioga, City of Binghamton and three of the school districts identified in the Complaint, filed on January 11, 2009, as well as the Amended Complaint filed on June 30, 2009. The Owego-Apalachin Central School District was not eliminated as a named party, however.

The balance of the Debtor's first cause of action (Count I) in the Second Amended Complaint seeks relief pursuant to Code § 505 as to various parcels of real property located in the

---

[4] At this juncture, the Court makes no finding on whether that portion of the Court's February 2010 Decision granting "the Motions to Dismiss the Debtor's Amended Complaint to the extent that the Debtor seeks refunds of taxes previously paid" constitutes a final order for purposes of appeal. *See* February 2010 Decision at 13. *See generally, Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 8221 (S.D.Fla. 2007) (observing that the majority of circuit courts "'have ruled that, despite the lenient standards of finality in bankruptcy, any order granting partial disposition of an adversary proceeding is not final in the absence of strict compliance with Rule 7054(b).'" (citation omitted)).

6

Town of Union, Town of Dickenson and Town of Chenango and the Johnson City School District.[5]

These include:

> 11 Avenue B, Johnson City (Town of Union): 1995; 2000
> 145 Harry L. Drive, Johnson City (Town of Union): 1995 to 2000
> 28 Avenue B, Johnson City (Town of Union): 1997; 2000
> 76 Arch Street, Johnson City (Town of Union): 1997 to 2000
> 286 Main Street, Johnson City (Town of Union): 1999 to 2000
> 207 South Loder Avenue, Endicott (Town of Union): 1994 to 1997
> 40-48 Corliss Avenue, Johnson City (Town of Union): 2000
> 59 Lester Avenue, Johnson City (Town of Union): 2000
> 205 Mains Street, Johnson City (Town of Union)[6]: 2000

Also identified in the Second Amended Complaint are properties for which relief is sought

pursuant to Code § 505 and whose values as of the petition date were determined by Judge Gerling

by Order, dated March 20, 2002:

> 77 Wilson Hill Road, Binghamton, New York, 1998 to present
> 82 Wilson Hill Road, Binghamton, New York, 1998 to present
> 51 Adams Street, Binghamton, New York,[7] 1995-2000 "and to
> present and/or 2002 to 2005"

In addition, the Second Amended Complaint includes four properties that were not

previously listed in the 2002 Amended Complaint. Debtor indicates he is not seeking relief pursuant

to Code § 505, but rather, and without citing a statutory basis, is seeking to recover uncredited tax

payments, disputed interest and penalties and/or application of foreclosure payments for 1995-2000

---

[5] The parcel located at 207 South Loder Avenue, Endicott, New York, is identified as being in the Town of Union and the Union-Endicott School District. *See* Supplement to Second Amended Complaint (Dkt. No. 116).

[6] On January 29, 2004, the Court signed an Order granting the County of Broome relief from the automatic stay to allow it to proceed with foreclosure against the Debtor's real property at 205 Main Street in the Village of Johnson City. (Dkt. No. 72 in 2002 Adversary Proceeding).

[7] According to the Examiner's Report, 51 Adams Avenue is a four or five family residence in the Town of Dickinson. *See* Examiner Report at 10.

on the following four properties:

> 149 Harry L. Drive, Johnson City, New York (Town of Union)
> 264 Grand Avenue, Johnson City, New York (Town of Union)[8]
> 250 Main Street, Johnson City, New York (Town of Union)
> 153 Harry L. Drive, Johnson City, New York (Town of Union)

The second cause of action (Count II) is only against the Owego-Apalachin Central School District and seeks a refund of excess tax payments in connection with property located at 6394-6499 Route 434, Apalachin, New York.  According to the docket in Adversary Proceeding 03-80216, the Debtor filed a motion on November 28, 2003, seeking approval of a settlement with respect to claims of BSB Bank & Trust Company and the Town of Owego (Dkt. No. 9 in Adv.Pro. 03-80215). The Debtor's complaint sought relief against the Town of Owego based on Code § 505.  The Debtor's motion indicates that the settlement addressed issues regarding the Town of Owego "relating to taxation of the Apalachin property."[9]   As part of the settlement, the above-referenced property was transferred to the Debtor's son, David Planavsky, for $400,000.

The Debtor also asserts a cause of action against the Village of Johnson City (Count III),

---

[8] According to the County of Broome, the taxes on 264 Grand Avenue and 250 Main Street had been paid in full when Instant Funds, Inc. took title to them prepetition in August 2000.  *See* Affidavit of Robert G. Behnke, Chief Assistant Attorney for the County of Broom, sworn to on March 18, 2010 (Attached to the Notice of Motion of the County of Broome, Dkt. No. 106).

[9] Although it was agreed that the Owego-Apalachin Central School District, as a non-assessing entity, would not be considered a defendant in the adversary proceeding with respect to relief sought pursuant to Code § 505, it still remains a defendant with respect to Count II of the Second Amended Complaint.  In Adversary Proceeding 02-80262 ("2002 Adversary Proceeding"), the Owego-Apalachin Central School District was represented by Hogan & Sarzynski, LLP of Binghamton/Johnson City, New York (*See* Dkt. No. 50 in 2002 Adversary Proceeding).  Neither an Answer nor a motion to dismiss Count II has been filed on behalf of Owego-Apalachin Central School District  According to the Certificate of Service, the Owego-Apalachin School District was served on March 1, 2010, with a copy of the Second Amended Complaint at an address of 36 Talcott Street, Owego, New York 13901 to the attention of "Clerk."  (Dkt. No. 98).

8

alleging that it threatened him with criminal action regarding the 76 Arch Street, Johnson City, New

York property.  Debtor's fourth cause of action (Count IV), which was not contained in the prior

amended complaint, seeks turnover of monies allegedly paid prepetition by the Debtor and other

individuals under the terms of an installment tax agreement dated April 9, 1998.[10]  Debtor contends

that the monies are property of the estate and that Broome County should be required to provide the

Debtor with an accounting, and any monies being held in a subsidiary account by Broome County

should be turned over to him pursuant to Code § 542(a) as being property of the estate.

## ARGUMENTS

As an initial matter, the Debtor objects to the joinder by the Town of Dickenson and the

Village of Johnson City to the Motions given the deadline set forth in the Court's February 2010

Decision, which required that any motions in response to the Second Amended Complaint be filed

within fourteen days of its filing on February 28, 2010.

Substantively, the Debtor contends that the "sole issue to be decided is whether the pleading

is sufficient."  Debtor goes on to assert that valuation for assessment purposes for tax years not

previously adjudicated by a New York administrative tribunal is subject to review by this Court

pursuant to Code § 505.  Debtor points out that this Court previously valued certain parcels "for all

purposes including 11 U.S.C. § 505" in its Order, dated March 20, 2002.  Furthermore, the Debtor

takes the position that in enacting Code § 505 Congress made it clear that this Court should not be

---

[10]    On April 1, 2010, Debtor's counsel acknowledged on the record that the installment
agreement mentioned in Count IV served as the basis for the Debtor's second cause of action in the
2002 Adversary Proceeding.

precluded from making any determination, despite the fact that the Debtor may have failed to comply with any state statue of limitations in challenging the assessments.[11]

The County of Broome seeks dismissal of at least two of the four causes of action in the Second Amended Complaint, namely Count II and III, since they contain no allegations against it. In addition, the County of Broome seeks dismissal of Count I on the basis of *res judicata* to the extent that the Court in its April 2, 2004, granted it summary judgment and dismissed the 2002 Adversary Proceeding as to the County of Broome in which the Debtor sought a determination of his tax liability pursuant to Code § 505. According to the County of Broome, the Debtor is barred from relitigating any claims against the properties listed in the 2002 Adversary Proceeding based on this Court's dismissal of said adversary proceeding by Order signed on April 2, 2004. The County of Broome contends that the prior dismissal not only applies to the properties identified in the 2002 Adversary Proceeding, but also applies to any assessments on properties and tax years prior to October 29, 2002 that Debtor could have brought in the 2002 Adversary Proceeding. In addition, the County of Broome disputes the allegations in Count IV concerning an installment payment agreement entered into on or about April 1, 1998, which was referenced in Count II of the complaint in the 2002 Adversary Proceeding as there having been an accord and satisfaction reached concerning prepetition taxes on certain of the Debtor's properties. Finally, the County of Broome relies on the Court's recent February 2010 Decision that held that the Debtor was not entitled to seek

---

[11] As the Court observed in its February 2010 Decision, BAPCPA, "while admittedly not applicable to the case herein, provides that a bankruptcy court may not determine 'the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate if the applicable period for contesting or redetermining that amount under any law (other than a bankruptcy law) has expired.' 11 U.S.C. § 505(a)(2)(C)." February 2010 Decision at Footnote 19.

10

refunds in connection with postpetition tax years.[12]

The Town of Union argues that the Debtor's claims do not survive the Court's prior dismissal of the 2002 Adversary Proceeding on June 5, 2007,[13] as affirmed by the United States District Court by Order dated April 28, 2008.   The Town of Union also takes issue with what it perceives as the Debtor's failure to comply with the Court's directive in its February 2010 Decision. In addition, the Town of Union relies on the fact that under New York law a tax assessment proceeding is deemed abandoned within four years of commencement of a tax assessment proceeding if there has been no note of issue filed in compliance with New York Real Property Tax Law.  Accordingly it is the Town of Union's position, similar to that of the County of Broome, that the Debtor has waived any rights he might have had to contest the assessments.


**DISCUSSION**

Debtor's Objection to Joinder by the Town of Dickenson and Village of Johnson City

Debtor contends that the request for joinder on behalf of the Town of Dickenson and the Village of Johnson City, filed on April 7, 2010, is untimely, particularly given the fact that an Answer was filed on their behalf on March 23, 2010.  In support of his position, the Debtor cites to *Webster Indus., Inc. v. Northwood Doors, Inc.*, 234 F.Supp.2d 981 (N.D. Iowa 2002), as well as to *Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir. 1990).  The court in *Westcott* observed that

---

[12]   According to Debtor's counsel, Debtor is current on all postpetition taxes with the exception of those on 76 Arch Street, Johnson City, New York, which the Debtor is attempting to sell.

[13]   In the Court's February 2010 Decision at page 7,  the date was incorrectly identified as June 11, 2007.

"[t]echnically, however, a Rule 12(b)(6) motion cannot be filed after an answer has been submitted." *Id.* at 1488. The court in *Westcott* then determined that it would treat the motion as a 12(c) motion, reviewing it "under the standard that governs 12(b)(6) motions." *Id.* The court in *Webster Industries* reached the same conclusion and decided to "proceed without further concern for the 'purely formal distinction' between motions pursuant to Rule 12(b)(6) and Rule 12(c), as both kinds of motions are governed by the same standards." *Webster Industries*, 234 F.Supp.2d at 989; *see also Farid v. Demars,* 2009 WL 455450, at *1 (N.D.N.Y. Feb. 23, 2009) (noting that "[a]fter the pleadings are closed, a motion to dismiss for failure to state a claim is properly brought as a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). . . . The motion for judgment on the pleadings is then treated according to the same standard as a motion to dismiss under Rule 12(b)(6)").

Since the Town of Dickenson and the Village of Johnson City timely filed answers to the Second Amended Complaint, they no longer have the ability to file a motion under Fed.R.Civ.P. 12(b)(6). Consistent with the decisions just discussed, however, the Court will grant their request and allow them to join in the Motions pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ('Fed.R.Civ.P.").

## Defendants' Motions to Dismiss

The issue on a motion to dismiss for failure to state a claim upon which relief can be granted - whether pursuant to Rule 12(b)(6) before an answer is filed or pursuant to Rule 12(c) if an answer has been filed, but no discovery undertaken - is not whether a plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of his or her claims. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). In considering a motion to dismiss, the Court must accept all

of the facts alleged in the Plaintiff's complaint as true and will grant the motion to dismiss "only if it is clear no relief could be granted under any set of facts that can be proved consistent with the allegations." *Id.*; *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69 (2d Cir. 2001). Thus, the Court is to consider the facts alleged in the complaint, as well as all reasonable inferences that may be drawn from those facts, and accept them as true, before determining whether they are sufficient to state a claim on which relief may be granted. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989); *Pagan v. Brown*, 08-CV-0724, 2009 WL 2581572, at *2 (N.D.N.Y. Aug. 19, 2009).

*First Cause of Action (Count I)*[14]

The Movants assert that the Court may dismiss Count I pursuant to the doctrine of *res judicata.* The Debtor contends that *res judicata* is an affirmative defense that cannot be raised in a motion to dismiss.

It is true that *res judicata* is usually plead in an answer. However, "dismissal on the basis of the doctrine is appropriate when it is clear, from the complaint and from matters of which the court takes judicial notice, that plaintiff's claims are barred as a matter of law. *Houbigant, Inc. v. Dev. Specialists, Inc.*, 229 F.Supp.2d 208, 220 (S.D.N.Y. 2002); *In re 9281 Shore Road Owners*

---

[14]  As part of Count I, the Debtor argues that the County of Broome and the Village of Johnson City never filed a claim in this case. According to the Debtor, neither entity has standing to object to the Debtor's plan and should not be allowed to cast a ballot. At the conference held on October 16, 2009, the Court made reference to "sections [in the Complaint] referring to Code § 1126, which is acceptance of plan, Bankruptcy Rule 3018, which refers to entities entitled to accept or reject the plan, and § 502, which is claims allowance, and indicated that those issues "are essentially not going [to be addressed in the adversary proceeding] - they're going to be the subject of confirmation hearing."

*Corp.*, 214 B.R. 676, 684 (Bankr. E.D.N.Y. 1997) (noting that the defense may be upheld on a motion to dismiss when all relevant facts are shown by court's own records).

In this case, the Movants are relying on prior decisions of this Court of which it can certainly take judicial notice. With this in mind, the Court notes that the elements of a *res judicata* defense under federal law are "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Esquire Trade & Finance, Inc. v. CBQ, Inc.,* 562 F.3d 516, 520 (2d Cir. 2009) (citation omittted). Furthermore, "once a claim is brought to final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Breeden v. Tricom Bus. Sys., Inc.*, 244 F.Supp.2d 5, 13 (N.D.N.Y. 2003) (citation omitted).

The County of Broome, in asserting *res judicata,* relies on the Court's Order of April 2, 2004, granting it summary judgment, dismissing the 2002 Adversary Proceeding "without prejudice to Debtor contesting the amount of the tax debt owed to the County of Broome."   It is well-established that summary judgment is an adjudication on the merits for *res judicata* purposes. *Hill v. Chalanor,* 06-CV-0438, 2009 WL 6315325, at *10 (N.D.N.Y. June 8, 2009).  In this case, the Order of April 2, 2004, addressed the rights of the same parties, namely the Debtor and the County of Broome.  According to the motions seeking summary judgment, the County of Broome argued that it had no authority to set assessments or determine the assessed value of real property in the County of Broome. (Dkt. No. 58 in 2002 Adversary Proceeding).  It also asserted that it was without authority to accept any amount less than the full amount of the tax liens, including penalties and interest.  Accordingly, it took the position that Debtor's allegation that Broome County agreed to

14

compromise the tax liens on Debtor's properties "is legally impossible and factually incorrect." *Id.*
at ¶ 13.   After considering the arguments made by the Debtor, as well as on behalf of the County
of Broome, the Court granted the motion for summary judgment on April 2, 2004.[15] Thus, the Court
will grant the current motion to dismiss brought by the County of Broome and based on *res judicata*
grounds, to the extent Plaintiff seeks in Count I to have the Court determine the assessed value of
real property located in the County of Broome pursuant to Code § 505.

On June 5, 2007, Judge Gerling granted the motions to dismiss the 2002 Adversary
Proceeding brought by the Town of Union, Village of Endicott, Village of Johnson City and Johnson
City School District , pursuant to Fed.R.Civ.P. 37, as incorporated by Rule 7037 of the Federal
Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), due to the Debtor's failure to comply with the
Court's unwritten order of October 31, 2006, directing the parties to exchange appraisals by January
31, 2007, which deadline was subsequently extended by Judge Gerling to May 22, 2007.  On April
25, 2008, the Honorable Lawrence E. Kahn, U.S. District Judge for the Northern District of New
York, affirmed the Order of June 5, 2007 and dismissed Plaintiff's appeal (Dkt. No. 176 in 2002
Adversary Proceeding).

There is no question that this Court had jurisdiction to address discovery in the 2002
Adversary Proceeding and that the June 5, 2007 Order involved some of the same causes of action
that were or could have been raised in that adversary proceeding pursuant to Code § 505.  In
addition, the defendants therein were among the same defendants now seeking dismissal based on
*res judicata.*  The critical issue, therefore, is whether there was a final judgment on the merits.

---

[15]   The Order of April 2, 2004 (Dkt. No. 77 in the 2002 Adversary Proceeding) expressly
provided that "this dismissal shall be without prejudice to Debtor contesting the amount of the tax
debt owed to the County of Broome."

Fed.R.Civ.P. 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, including an order under Fed.R.Civ.P. 26(f), 35, or 37(a), the court where the action is pending may issue further orders, including "dismissing the action or proceeding in whole or in part." Fed.R.Civ.P. 37(b)(2)(A)(v). Furthermore, Fed.R.Civ.P. 41(b), incorporated in Fed.R.Bankr.P. 7041, applicable to the dismissal of adversary proceedings, provides that if a plaintiff fails to comply with a court order and a defendant moves to dismiss the action or any claim against it, "a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits." Fed.R.Civ.P. 41(b). *See Harry v. Rodriguez*, 337 Fed.Appx. 17, 2009 WL 2030365 (2d Cir. 2009)*; Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776-77 (6th Cir. 2009); *see generally, Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509 (2001) (observing as an example in *dicta* that if "state law did not accord claim-preclusive effect to dismissals for willful violation of discovery orders, federal courts' interest in the integrity of their own processes might justify a contrary federal rule"); *see generally, H.P. Hood, Inc. v. Parker (In re Parker)*, Case No. 97-11732, Adv. Pro. No. 98-91154, slip op. at 3 (Bankr. N.D.N.Y. April 24, 2000) (Robert E. Littlefield, B.J.) (observing in connection with a request for a further adjournment of a rescheduled trial that "it is impossible for the court to accomplish [the flow of its cases in an efficient manner] when scheduling orders are routinely dismissed and/or ignored by the attorneys that appear before it"); *Bonfiglio v. Centro Evangelista Jahova Shammah (In re Bonfiglio)*, 231 B.R. 197, 198 (Bankr. S.D.N.Y. 1999) (commenting that "lax enforcement of standard procedures, rules and court orders results in the certainty of lax compliance and equally certain delay and prejudice to parties in interest. The vice of lax enforcement is self-confounding, because counsel form the expectation that

failures and violations will be excused and the correlative perception of unfairness resulting from apparently uneven enforcement").

Thus, the Court's Order of June 5, 2007, as affirmed by the District Court, is entitled to *res judicata* as being an adjudication on the merits with respect to the Town of Union, Village of Endicott, Village of Johnson City and Johnson City School District insofar as Code § 505 relief is concerned.  Accordingly, the Court will grant the motion of the Town of Union, Village of Endicott and the Village of Johnson City and dismiss Count I of the Second Amended Complaint to the extent that  the Plaintiff seeks relief pursuant to Code § 505 with respect to prepetition assessments.

Furthermore, the Court concludes that to the extend that Count I of the Second Amended Complaint seeks relief sought with respect to the four properties not identified in the 2002 Adversary Proceeding located in Johnson City/Town of Union, including 149  Harry L. Drive, 153 Harry L. Drive, 264 Grand Avenue and 250 Main Street, dismissal is also granted based on the fact that the relief sought for the period of 1995-2000 could have been brought in the 2002 Adversary Proceeding for which the Court has determined that *res judicata* applies.

In addition, the Court would note that the authority granted to it by Congress pursuant to Code § 505 to redetermine a debtor's tax liability is discretionary.  *See In re New Haven Projects Ltd. Liability Co.*, 225 F.3d 283, 288 (2d Cir. 2000) (C.J. Sotomayor).  In this case, the Debtor first sought relief pursuant to Code § 505 in 2002.  With the exception of three entities referred to mediation, namely, the Town of Dickenson, the Town of Chenango and the Union Endicott School District, the 2002 Adversary Proceeding was dismissed as to the other defendants as early as June 2007.  Said dismissal was affirmed by Judge Kahn on April 28, 2008, and it was ten months later, on February 28, 2009, that the Debtor filed the adversary proceeding now before this Court.  One

of the purposes of Code § 505 is to "afford a debtor with an alternative forum for proceedings that might otherwise delay the orderly administration of the case and distribution to the debtor's creditors." *Id.*  Clearly, that purpose has been all but negated when one considers that it has been almost nine years since the Debtor filed his petition.   There is also the expense to the various municipalities, as well as the Debtor himself,[16] in having to establish by means of appraiser testimony the value of the properties for assessment purposes. As these are income generating properties, with the exception of the Debtor's residence at 82 Wilson Hill Road, Binghamton, New York, the income capitalization approach is generally regarded as the preferred method for determining the value of income-producing property. *Tipp Hill*, 1996 WL 756503, at *4 (citations omitted).  This would impose on the Debtor the necessity of providing a statement of income and expenses on the various properties going back as far as 1995 to anyone employed as an appraiser. *See, e.g. In re Northeast Mgmt. Servs., Inc.*, Case No. 95-60292, slip op. at 19-23 (Bankr. N.D.N.Y. Oct. 2, 1998).   The Court can only view this as causing undue prejudice that far outweighs any benefit the Debtor might derive with respect to any properties whose assessments were not previously grieved by him, including his residence at 82 Wilson Road,[17] 51 Adams Street in the Town of Dickenson and 77 Wilson Road in the Town of Chenango, as well as those identified in Judge Gerling's Order of August 2, 2006 (Dkt. No. 135 in the 2002 Adversary Proceeding), as discussed in the Court's February 2010 Decision at 6-7.

---

[16] There is a presumption of validity of an assessment by the taxing authority and the burden imposed on the debtor to overcome that presumption is substantial. *In re Tipp Hill Assocs.*, Case No. 95-61390, 1996 WL 756503, at *4 (Bankr. N.D.N.Y. July 31, 1996).

[17] Admittedly, a determination of the value of the Debtor's residence would not be based on income capitalization.  Rather, it is likely that an appraiser would rely on a sales comparison approach applicable to residential properties.

*Second Cause of Action (Count II)*

The Debtor's second cause of action is directed against only the Owego-Apalachin School District.  Accordingly, the Court will grant the Motions and dismiss that portion of the Second Amended Complaint with respect to the County of Broome, the Town of Union, the Village of Johnson City and the Town of Dickenson.

*Third Cause of Action (Count III)*

Count III of the Second Amended Complaint involves 76 Arch Street in the Village of Johnson City.  The Debtor contends that the structure located on the property complies with the municipality's building codes and alleges that the Village of Johnson City has threatened criminal action against him should he continue to rent out the units in the building.  No specific relief, however, is alluded to in the Wherefore clause of the Second Amended Complaint as regards Count III.  Generally, this Court is without jurisdiction to address "'state or federal claims that arise between parties within a bankruptcy proceeding . . . [which could] survive outside bankruptcy, and in the absence of bankruptcy, would have been initiated in a state or district court.'" *In re Spookyworld, Inc.*, 266 B.R. 1, 8 (Bankr. D. Mass. 2001), *aff'd*, 318 B.R. 1 (D. Mass. 2003), *aff'd*, 346 F.3d 1 (1st Cir. 2003).  Nonetheless, the courts have also recognized the authority of a bankruptcy court "'to prevent a governmental unit's bad-faith exercise of its police or regulatory power against the estate.'" *Id.* at 18 (quoting *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 366 (6th Cir. 1997).

In a case decided under the Bankruptcy Act, the Court of Appeals for the Second Circuit observed, "Congress removed local regulation only from the effect of the automatic stay; it did not eliminate the bankruptcy court's power to enjoin the enforcement of local regulation which is shown

to be used in bad faith." *In re National Hosp. and Institutional Builders Co.*, 658 F.2d 39, 43 (2d

Cir. 1981).  However, Circuit Judge Mansfield, in his dissent, stated that

> [i]n my view the Bankruptcy Court lacks jurisdiction to interfere with the state's enforcement of its regulatory powers. (citations omitted).  Absent some claim of denial of the debtor's constitutional rights and none is asserted here those state police powers rest within the exclusive jurisdiction of the state's administrative apparatus, with the debtor having the same right as any other citizen to obtain state judicial review. A federal bankruptcy court is not a super-City Planning Commission or Board of Standards and Appeals.

*Id.* at 44-45 (internal citations omitted).

In a recent decision issued by Chief Bankruptcy Judge Arthur J. Gonzalez, he relied on the

Supreme Court's opinion in *Board of Governors of the Fed. Reserve Sys. v. MCorp Fin.*, 502 U.S.

32 (1991), as being "more in accord with Judge Mansfield's dissent than the majority opinion in

*National Hospital*," and concluded that bankruptcy courts cannot look at whether an exercise of

police power is legitimate.[18]  *See In re Cabrini Med. Ctr.*, Case No. 09-14398, 2010 WL 1418862,

at *3 (Bankr. S.D.N.Y. April 7, 2010).  Specifically, the Supreme Court concluded that scrutinizing

the validity of every administrative or enforcement action brought against a bankrupt entity "would

be inconsistent with the limited authority Congress has vested in bankruptcy courts."  *Id.*, citing

*MCorp*, 502 U.S. at 40.

This Court is persuaded by the well reasoned analysis of Judge Gonzalez in *Cabrini* and,

accordingly, concludes that it lacks subject matter jurisdiction to consider the relief sought by the

Debtor in Count III.  Accordingly, it will grant the motion of the Town of Union, as joined by the

---

[18]  The court in *Cabrini* acknowledged that bankruptcy courts do have the authority to determine whether the exception found at Code § 362(b)(4) applies, however.  *Cabrini*, 2010 WL 1418862, at *3.  Thus, a bankruptcy court may consider whether the state is acting pursuant to its police and regulatory power or whether it is acting merely to protect its status as a creditor.  *Id.*

20

Village of Johnson City, and dismiss Count III. As neither the County of Broome nor the Town of

Dickenson were implicated in Count III, it is appropriate to dismiss it as to them as well.

*Fourth Cause of Action (Count IV)*

Debtor's fourth cause of action is directed against the County of Broome. Therefore, the

Court will grant the motion to dismiss Count IV as against the Town of Union, the Village of

Johnson City and the Town of Dickenson.

With respect to the County of Broome, the Debtor in Count IV seeks turnover of monies he

asserts were paid to the County pursuant to a certain installment agreement entered into in April

1998. Based on representations made on behalf of Broome County, the Debtor now argues that the

monies allegedly being held in a subsidiary account are property of the estate pursuant to Code §

542(a).

As discussed previously, in its Order of April 2, 2004, Judge Gerling dismissed the Debtor's

complaint in the 2002 Adversary Proceeding, including the cause of action in which the Debtor

alleged that the amounts due under the installment agreement had been paid in satisfaction of

prepetition taxes subject to the agreement. The cause of action contained in the present Adversary

Proceeding (Adv. Pro. No. 09-80001) (Count IV) pursuant to Code § 542 could certainly have been

brought at that time. Thus, based on *res judicata*, the Court concludes that it must dismiss Count

IV as against the County of Broome based on the dismissal of the 2002 Adversary Proceeding by

Order of April 2, 2004.

Even if the Court were to find that the facts on which Count IV are based were not known

to the Debtor prior to April 2, 2004, it is also important to recognize that while the Code does not

impose a time limit in which to seek turnover pursuant to Code § 542(a), such actions may be barred

21

by the doctrine of laches if not brought within a reasonable period of time.  *Id.* (citations omitted);

*see also In re De Berry,* 59 B.R. 891, 898 (Bankr. E.D.N.Y. 1986) (finding that four years delay in

waiting to sue pursuant to Code § 542(a) is "well beyond any common sense definition of

reasonableness").  According to the facts, as alleged by the Debtor, the installment tax agreement

under which payments were made was entered into on April 9, 1998, some twelve years ago.  It has

also been almost nine years since the Debtor filed his petition.  Under these circumstances, the Court

concludes that even if dismissal based on *res judicata* grounds were not appropriate, dismissal based

on laches is certainly warranted in this case.  Accordingly, the Court will grant the motion of the

County of Broome and dismiss Count IV.

## <u>CONCLUSION</u>

Based on the foregoing, it is hereby

ORDERED that the holdings in the February 2010 Decision are incorporated herein; it is

further

ORDERED that the request filed on behalf of the Village of Johnson City and the Town of

Dickenson to join in the Motions is granted; it is further

ORDERED that the Motions to dismiss filed on behalf of the County of Broome, the Town

of Union, as well as the Village of Johnson City and the Town of Dickenson, are granted with

respect to Count I of the Second Amended Complaint based on *res judicata;* it is further

ORDERED that the Motions to dismiss filed on behalf of the County of Broome, the Town

of Union, as well as the Village of Johnson City and the Town of Dickenson, are granted with

respect to Count II of the Second Amended Complaint based on there being no allegations asserted

22

against those entities; it is further

ORDERED that the Motions to dismiss filed on behalf of the County of Broome, the Town of Union, as well as the Village of Johnson City and the Town of Dickenson, are granted with respect to Count III of the Second Amended Complaint based on the Court's lack of subject matter jurisdiction; it is further

ORDERED that the Motions to dismiss filed on behalf of the County of Broome, the Town of Union, as well as the Village of Johnson City and the Town of Dickenson, are granted with respect to Count IV of the Second Amended Complaint based on *res judicata*, as well as laches; and it is finally

ORDERED that the motion seeking relief pursuant to Code § 362(d) filed by the County of Broome on September 24, 2007 (Dkt. No. 245 in Case No. 01-63125), which has been adjourned numerous times over the past two and a half years, be restored to the Court's calendar on July 22, 2010, at 10:30 a.m. in Utica, New York.[19]


Dated at Utica, New York
this 5th day of May 2010

/s/ Diane Davis
DIANE DAVIS
U.S. Bankruptcy Judge

---

[19]  Effective July 1, 2010, all chapter 11 matters are to be held on the "Utica 7/11 Motion Calendar," and all parties must appear in Utica, New York.